UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES; JIM HICKS; GENEVIEVE FIDALGO; JAVIER GARCIA; LUPE JUAREZ; RALPH RAMIREZ and JACK SMITH,<br><br>        Plaintiffs,<br><br>  v.<br><br>TEAMSTERS LOCAL UNION 948,<br><br>        Defendant.<br>_____<br>TEAMSTERS LOCAL UNION 948,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES,<br><br>        Defendants.<br>_____ | 1:06-cv-841 OWW DLB<br>CONSOLIDATED WITH<br>1:06-cv-1492 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER AND ORDER CONSOLIDATING ACTIONS<br><br>Discovery Cut-Off: 7/31/07<br><br>Non-Dispositive Motion Filing Deadline: 8/15/07<br><br>Dispositive Motion Filing Deadline: 8/31/07<br><br>Settlement Conference Date: 8/7/07 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 11/5/07 11:00 Ctrm. 3<br><br>Trial Date:  1/15/08 9:00 Ctrm. 3 (JT-8 days) |

I.   Date of Scheduling Conference.

    February 23, 2007.

II.  Appearances Of Counsel.

    Weinberg, Roger & Rosenfeld by Roberta Perkins, Esq.,

appeared on behalf of Plaintiffs.

1

1    Courtney Law Offices by Sylvia Bufanda Courtney, Esq.,

2 appeared on behalf of Defendant National Association of Business

3 Representatives.

4 III.   Consolidation.

5    1.    The parties have stipulated that these cases may be

6 consolidated for all purposes under the first filed case number,

7 which is 1:06-cv-0841 OWW DLB.  Accordingly, these cases are

8 consolidated for all purposes, including trial.  The case number

9 1:06-cv-1492 OWW DLB, shall be administratively closed and all

10 pleadings in that case shall be filed under case number 1:06-cv-

11 0841 OWW DLB.

12 III.   Summary of Pleadings.

13    1.    On July 3, 2006, Plaintiff National Association of

14 Business Representatives (NABR) filed a Complaint to Compel

15 Arbitration on behalf of Plaintiff NABR based on Section 301 of

16 the National Labor Relations Act, as amended (NLRA), 29 U.S.C.

17 Section 185(a) and for violation of the Labor Management

18 Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411 et seq., on

19 behalf of six union members who were discharged from their

20 positions as business agents for Defendant Teamsters Local Union

21 948 on or about January 3, 2006.  The matter was filed in the

22 Fresno Division of this Court, and assigned Case No. 1:06-cv-0841

23 OWW DLB.  The initial complaint was not served, and a First

24 Amended Complaint was filed on October 3, 2006.

25    2.    On July 10, 2006, Teamsters Local Union #948

26 (hereinafter "Local 948") filed a Complaint for Declaratory

27 Relief and Injunction against National Association of Business

28 Representatives (hereinafter "NABR" or "Defendant") requesting

2

1  the Court to grant declaratory relief and an injunction until the

2  rights of the parties pursuant to their current collective

3  bargaining agreement are clarified.   The case was filed in the

4  Sacramento Division of this Court and assigned Case No. 2:06-cv-

5  01524 WBS GGH, and later transferred to the Fresno Division and

6  assigned Case No. 1:06-cv-1492 OWW DLB.   The dispute in both

7  cases arises from an election of new officers of Local 948 in

8  fall 2005, after which six business agents employed by Local 948

9  were terminated.   After their terminations on or about January 3,

10  2006, the business agents sought to invoke the grievance

11  procedure under the collective bargaining agreement which states,

12  in pertinent part, as follows:

13          If a grievance is referred to Step 3, the two parties
        shall request a State Mediator mutually agreeable to
14      both parties to hear the grievance.   The decision of
        the State Mediator shall be final and binding on the
15      Employee and both parties.   Any expenses incurred by
        the State Mediator shall be split by both parties
16      except that each party shall bear the expense of
        preparing and presenting its own case.

17

18  (NABR Complaint, Exhibit A.)

19          3.   Local 948 contends that the language is unenforceable

20  because state mediators cannot issue final and binding decisions,

21  therefore, is it not obligated to process the discharges through

22  the grievance procedure.   Accordingly, it seeks clarification of

23  the rights and obligations of the parties in this action for

24  Declaratory Relief, and for the Court to enjoin any further

25  proceedings between the parties until such time as their rights

26  are declared.

27          4.   NABR answered Local 948's Complaint on August 10, 2006,

28  contending that the language appearing in Step 3 of the grievance

3

procedure contained a typographical error in that the parties had agreed to a federal, rather than a state mediator; in addition, that the language permitted the parties to select a mediator who could fashion an appropriate hearing procedure and make a recommendation which the parties would accept as "final and binding," and thus Step 3 is enforceable by mutual agreement of the parties in their negotiations resulting in the contract language.  NABR further contends that past practice of Local 948 supports its view and that grievances have been previously resolved through the use of the Step 3 procedure, and that the disputed language and procedure is currently in effect in many collective bargaining agreements covering Local 948's members in the food processing industry.  Local 948 contends that the mediation service will not participate in a final and binding procedure because they are mediators and not arbitrators.

5.   On October 3, 2006, with its First Amended Complaint in Case No. 1:06-cv-0841 OWW DLB, NABR also filed a Notice of Related Case in both actions.  On October 25, 2006, following transfer of Local 948's action to the Fresno Division, a new case number was assigned (No. 1:06-cv-1492 OWW DLB).  The parties stipulated and the court allowed a continuance of the joint scheduling conference until December 13, 2006, to allow Local 948 time to respond to NABR's First Amended Complaint.  The Answer was filed on December 21, 2007, and the parties stipulated to a continuance of the scheduling conference until February 2, 2007.

IV.   Orders Re Amendments To Pleadings.

1.   The parties do not anticipate filing any amendments to the pleadings at this time.

1  **V.    Factual Summary.**

2      **A.   Admitted Facts Which Are Deemed Proven Without Further**
3  **Proceedings.**

4          **1.   Plaintiff, National Association of Business**
5  **Representatives, is a Union doing business in association form.**

6          **2.   Jim Hicks, Genevieve Fidalgo, Javier Garcia, Lupe**
7  **Juarez, Ralph Ramirez, and Jack Smith are individuals and all**
8  **residents of the Eastern District of California, Fresno Division.**

9          **3.   Teamsters Local Union 948 is a business**
10  **association doing business as a union.**

11          **4.   Teamsters Local Union 948 is recognized as a union**
12  **by the NLRB and is formerly a party to a collective bargaining**
13  **agreement with the National Association of Business**
14  **Representatives.  The Teamsters Local 948 has purported to**
15  **withdraw recognition and that matter is currently pending before**
16  **the NLRB.**

17          **5.   The Collective Bargaining Agreement contains a**
18  **grievance procedure, part of which is disputed at Step 3, whether**
19  **Local 948 is obligated to submit grievances over discharge of six**
20  **business agents who are Plaintiffs in this case to any kind of**
21  **hearing before a Federal mediator.**

22          **6.   The terminations of six business agent Plaintiffs**
23  **from their employment were due to their involvement in the fall**
24  **of 2005 election in which they campaigned against members who**
25  **were elected.**

26      **B.   Contested Facts.**

27          **1.   Whether Step 3 of any grievance procedure under**
28  **the Collective Bargaining Agreement requires Local 948 to submit**

**5**

grievances over the discharge of the six business agent Plaintiffs to any kind of hearing before a Federal mediator.

2.   Plaintiff NABR contends such a procedure has been used before, is used in contracts in the industry, and applies when parties agree to be bound in advance by the decision or recommendation of a mediator.

3.   Local 948 contends that since Federal mediators may not act as arbitrators, Step 3 is unenforceable.

4.   Local 948 disputes whether the six business agent Plaintiffs were fired because of the investigation of election practices.

5.   Local 948 contends that its actions in discharging Plaintiff business agents do not constitute violations of the Labor Management Relations Act.

6.   Local 948 contends Plaintiffs have failed to exhaust internal union remedies.

VI.  Legal Issues.

A.   Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331 and 29 U.S.C. § 185(a).  Jurisdiction also exists under the National Labor Relations Act, 29 U.S.C. § 411 et seq.

2.   Venue is proper under 28 U.S.C. § 1391.

B.   Contested.

1.   All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

///

6

VIII.      Corporate Identification Statement.

1.     Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

1.     Plaintiff and Defendant agree to the following discovery plan which will be focused on the bargaining history concerning the contract language in dispute, the application of identical or similar language in collective bargaining agreements in force in the industry, and the communications between the parties concerning processing of the grievances following the election of new Local 948 officers.  Further, there will be discovery regarding the reasons for the termination of the Plaintiffs and damages if any.

a.    Local 948 will take depositions of Plaintiffs, NABR officers and former officers Sharon Mosley, James Long and John Hailstone no later than April 15, 2007;

b.    NABR will take depositions of Local 948 officers Sam Martinez and Frank Dickson and Teamsters International representative Ron Rocha no later than April 15, 2007;

c.    The parties will exchange any nonprivileged documents informally upon request following initial disclosures.

d.    The parties may depose witness(es) having knowledge of how the Federal Mediation and Conciliation Service

7

1   (FMCS) and/or federal mediators selected under Teamsters Local

2   948 contracts in the food processing industry have applied the

3   disputed contract provision in the past.  The parties will

4   attempt to complete this discovery no later than May 15, 2007.

5          e.    The parties may take discovery regarding the

6   operation of the FMCS/SMCS regarding rendering decisions.

7      2.    The parties are ordered to complete all discovery on

8   or before July 31, 2007.

9      3.    The parties are directed to disclose all expert

10  witnesses, in writing, on or before May 1, 2007.  Any

11  supplemental or rebuttal expert disclosures will be made on or

12  before June 1, 2007.  The parties will comply with the provisions

13  of Federal Rule of Civil Procedure 26(a)(2) regarding their

14  expert designations.  Local Rule 16-240(a) notwithstanding, the

15  written designation of experts shall be made pursuant to F. R.

16  Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

17  information required thereunder.  Failure to designate experts in

18  compliance with this order may result in the Court excluding the

19  testimony or other evidence offered through such experts that are

20  not disclosed pursuant to this order.

21     4.    The provisions of F. R. Civ. P. 26(b)(4) shall

22  apply to all discovery relating to experts and their opinions.

23  Experts may be fully prepared to be examined on all subjects and

24  opinions included in the designation.  Failure to comply will

25  result in the imposition of sanctions.

26  X.    Pre-Trial Motion Schedule.

27     1.    All Non-Dispositive Pre-Trial Motions, including any

28  discovery motions, will be filed on or before August 15, 2007,

**8**

and heard on September 21, 2007, at 9:00 a.m. before Magistrate
Judge Dennis L. Beck in Courtroom 9.

　　　2.   In scheduling such motions, the Magistrate
Judge may grant applications for an order shortening time
pursuant to Local Rule 142(d).  However, if counsel does not
obtain an order shortening time, the notice of motion must comply
with Local Rule 251.

　　　3.   All Dispositive Pre-Trial Motions are to be
filed no later than August 31, 2007, and will be heard on October
1, 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger,
United States District Judge, in Courtroom 3, 7th Floor.   In
scheduling such motions, counsel shall comply with Local Rule
230.

XI.  Pre-Trial Conference Date.

　　　1.   November 5, 2007, at 11:00 a.m. in Courtroom 3, 7th
Floor, before the Honorable Oliver W. Wanger, United States
District Judge.

　　　2.   The parties are ordered to file a Joint Pre-
Trial Statement pursuant to Local Rule 281(a)(2).

　　　3.   Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.  The Court will insist upon strict
compliance with those rules.

XII. Trial Date.

　　　1.   January 15, 2008, at the hour of 9:00 a.m. in Courtroom
3, 7th Floor, before the Honorable Oliver W. Wanger, United
States District Judge.

1    2.   This is a jury trial.

2    3.   Counsels' Estimate Of Trial Time:

3         a.   8 days.

4    4.   Counsels' attention is directed to Local Rules

5  of Practice for the Eastern District of California, Rule 285.

6  XIII.    Settlement Conference.

7    1.   A Settlement Conference is scheduled for August 7,

8  2007, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L.

9  Beck, United States Magistrate Judge.

10   2.   Unless otherwise permitted in advance by the

11 Court, the attorneys who will try the case shall appear at the

12 Settlement Conference with the parties and the person or persons

13 having full authority to negotiate and settle the case on any

14 terms at the conference.

15   3.   Permission for a party [not attorney] to attend

16 by telephone may be granted upon request, by letter, with a copy

17 to the other parties, if the party [not attorney] lives and works

18 outside the Eastern District of California, and attendance in

19 person would constitute a hardship.  If telephone attendance is

20 allowed, the party must be immediately available throughout the

21 conference until excused regardless of time zone differences.

22 Any other special arrangements desired in cases where settlement

23 authority rests with a governing body, shall also be proposed in

24 advance by letter copied to all other parties.

25   4.   Confidential Settlement Conference Statement.

26 At least five (5) days prior to the Settlement Conference the

27 parties shall submit, directly to the Magistrate Judge's

28 chambers, a confidential settlement conference statement.  The

10

statement should not be filed with the Clerk of the Court nor
served on any other party.  Each statement shall be clearly
marked "confidential" with the date and time of the Settlement
Conference indicated prominently thereon.  Counsel are urged to
request the return of their statements if settlement is not
achieved and if such a request is not made the Court will dispose
of the statement.

     5.    The Confidential Settlement Conference
Statement shall include the following:

        a.    A brief statement of the facts of the
case.

        b.    A brief statement of the claims and
defenses, i.e., statutory or other grounds upon which the claims
are founded; a forthright evaluation of the parties' likelihood
of prevailing on the claims and defenses; and a description of
the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be
expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement,
including present demands and offers and a history of past
settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master,
Or Other Techniques To Shorten Trial.

     1.    None.

XV.  Related Matters Pending.

     1.    There are no related matters.

11

**XVI. Compliance With Federal Procedure.**

1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVII.      Effect Of This Order.**

1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **March 6, 2007**             _____**/s/ Oliver W. Wanger**_____
emm0d6                                UNITED STATES DISTRICT JUDGE

12