UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES; JIM HICKS; GENEVIEVE FIDALGO; JAVIER GARCIA; LUPE JUAREZ; RALPH RAMIREZ and JACK SMITH,<br><br>          Plaintiffs,<br><br>     v.<br><br>TEAMSTERS LOCAL UNION 948,<br><br>          Defendant.<br><br>―――――――――――――――――<br><br>TEAMSTERS LOCAL UNION 948,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES,<br><br>          Defendant. | 1:06-CV-00841 OWW-DLB<br><br>MEMORANDUM DECISION RE DENYING PLAINTIFF'S NATIONAL ASSOCIATION OF BUSINESS REPRESENTATIVES MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS AS SANCTIONS (DOC. 44) |

## 1.   INTRODUCTION

Plaintiff National Association of Business Representatives ("NABR") moves for an order awarding attorney's fees and costs as sanctions against Defendant Teamsters Local Union 948 ("Local 948") under Federal Rule of Civil Procedure 11. Oral argument was heard on April 28, 2008.

## 2.   PROCEDURAL BACKGROUND

Plaintiff initiated this suit by filing its complaint on July 3, 2006. (Doc. 1, Complaint)  Plaintiff filed a First Amended Complaint on October 3, 2006. (Doc. 6, Amended Complaint) On August 31, 2007, Defendant Local 948 filed its Motion for Summary Judgment. (Doc. 20, Local 948's Motion for Summary Judgment)  Plaintiff NABR filed its motion for summary judgment on the same day. (Doc. 25, NABR's Motion for Summary Judgment) On October 3, 2007, the Court entered an order on the motions for summary judgment, granting Plaintiff NABR's Motion for Summary Judgment and denying Defendant Local 948's Motion for Summary Judgment. (Doc. 35, October 3 Order)  Plaintiff NABR filed its motion for award of attorneys' fees and costs as sanctions on November 26, 2007. (Doc. 44, Motion)  Defendant Local 948 filed an opposition to Plaintiff NABR's Motion on December 21, 2007 (Doc. 48, Opposition)  Plaintiff NABR has filed no reply to this motion.

### 3.   DISCUSSION

**A.   Rule 11**

Under Rule 11, every signature on a pleading, motion or other paper constitutes certification of the merits of the document.  Sanctions are mandatory when the paper is: 1) not "well grounded in fact"; 2) not "warranted by existing law"; or 3) filed for an "improper purpose."

Rule 11 requires sanctions be assessed when a complaint is frivolous, legally unreasonable, or without factual foundation. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987).  The rule creates and imposes on a party or counsel an affirmative duty to investigate the law and facts before filing,

*Id.;* and further obliges an attorney to dissuade a client from pursuing specious claims, thereby avoiding possible sanctions by the court, as well as unnecessary costs of litigating a worthless claim. *Mohammed v. Union Carbide Corp.*, 606 F. Supp. 252 (E.D. Mich. 1985).

Whether to impose sanctions is determined by the reasonableness of inquiry into the law and facts, not the good or bad faith of the signatory. *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir. 1989) ("[A] paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make 'reasonable inquiry' beforehand.")  A party is responsible for innocent, good faith mistakes of law or for carelessness of counsel, because reasonable inquiry would reveal a mistake, and counsel who is careless has not made reasonable inquiry. *Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989). As long as the claims are not frivolous when the pleading or other paper is filed, "the fact that some of the claims [are] later found lacking in evidentiary foundation is irrelevant to Rule 11 inquiry..." *Cunningham v. County of Los Angeles*, 869 F.2d 427, 436 (9th Cir. 1988).

B.   Plaintiff's Failure to Adhere to the Safe Harbor Provision

"Unlike the British legal system rule, in which the winner automatically gets attorneys' fees, the rule in American courts, commonly known as the American Rule, looks with disdain upon awarding attorneys' fees unless an independent basis exists for the award..."  *Middle Mountain Land and Produce Inc. v. Sound*

3

*Commodities Inc.*, 307 F.3d 1220, 1225 (9th Cir. 2002).

Here, Plaintiff NABR seeks attorney's fees as Rule 11 sanctions for "Teamsters Local 948 [having] no reasonable basis for opposing the processing of the grievances under the collective bargaining agreement, and its stubborn refusal to honor its agreement warrants sanctions." (Doc. 44, Motion, p.4:8-10)  Plaintiff's First Amended Complaint contained three causes of action.  The first two causes of action directly relate to Plaintiff NABR and allege that Defendant Local 948 failed and refused to process the grievances in accordance with the Collective Bargaining Agreement (including a claim that Local 948 breached the Collective Bargaining Agreement), specifically Section XIII, step 3 of the grievance procedure.  Plaintiff NABR brought a motion for summary judgment on the NABR-related claims.[1]  Defendant Local 948 also brought its own motion for summary judgment on the two claims.  Summary judgment was entered for NABR against Local 948 and Local 948's motion for summary judgment was denied on October 3, 2007. (Doc. 35, October 3 Order)

Defendant argues in its Opposition to Plaintiff's motion for sanctions under Rule 11 that Plaintiff NABR never served its motion for Rule 11 sanctions prior to filing this motion, thereby failing to provide Defendant with an opportunity and a chance to

---

[1] The third cause of action is brought on behalf of individual plaintiffs (Hicks, Fidalgo, Garcia, Juarez, Ramirez and Smith) only and not NABR.  At the time of Plaintiff's motion for summary judgment, the third claim was dismissed.

**4**

1  "withdraw or appropriately correct" the challenged paper.[2]  This
2  requirement is mandatory under the "safe harbor" provision of
3  Rule 11.  Plaintiff NABR has not filed a reply to this argument
4  and did not refute at oral argument Defendant's contention that
5  Plaintiff failed to follow the mandatory procedures set forth
6  under Rule 11.

7       The "safe harbor" provision of Rule 11 requires that a party
8  serve a motion for sanctions on the party whose pleading is the
9  basis for the sanctions motion, "but it must not be filed or be
10 presented to the court if the challenged paper, claim, defense,
11 contention, or denial is withdrawn or appropriately corrected
12 within 21 days after service or within another time the court
13 sets."  Rule 11(c)(1)(A).  The purpose is to give the opposing
14 party an opportunity to correct or withdraw the challenged paper.
15 *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)(reversing
16 district court's award of sanctions under Rule 11 for failure of
17 party to abide by safe harbor 21-day rule)  "Rule 11(c)(1)(A)
18 provides strict procedural requirements for parties to follow
19 when they move for sanctions under Rule 11." *Radcliffe v. Rainbow*

---

[2] **Defendant requests in its Opposition, fees to defend this Motion. (Doc. 48, Opposition, p.3:27-4:2)  Plaintiff's counsel at oral argument stated unopposed, that she had spoken with Defendant's counsel after being provided with notice of the failure to adhere to the 21-day safe harbor rule, and offered to withdraw the motion but Defendant did not respond and requested fees for opposing the motion.  Defendant indicates in its Opposition that minimal fees were expended in defending this motion.  There does not appear to be significant time and expense involved in preparing for this motion by either party.  Counsel for parties attempted to resolve this issue.  Defendant's request is DENIED.**

*Const. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001) (Because party "did not follow the mandatory service procedure of Rule 11(c)(1)(A), we reverse the award of sanctions.")  The purpose of the safe harbor rule was clearly provided in the Advisory Committee Notes to the 1993 Amendment:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.  Here, Local 948 was not provided the requisite notice of Plaintiff NABR's decision to bring a Rule 11 sanctions motion and was not given the required opportunity to respond.  NABR did not follow the procedure set forth in Rule 11 and discussed in relevant Ninth Circuit case law.  In *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998), the Ninth Circuit held that the procedural requirements of Rule 11(c)(1)(A), the safe harbor procedure, are mandatory. *Id.* at 710-11 ("Carlsen was not given the opportunity to respond to Imageware's motion by withdrawing his claim, thereby protecting himself totally from sanctions pursuant to that motion.  The purpose of the amendment was entirely defeated.  An award of sanctions cannot be upheld under those circumstances.")  Even if Plaintiff had given an informal warning to Defendant, it does not suffice under *Barber*. *Id.* at 710.  Plaintiff NABR brought its Rule 11 sanctions motion after summary judgment, which entirely

6

defeats the purpose of providing Defendant Local 948 an opportunity to withdraw any of its claims.  The Advisory Committee specifically address this situation in the negative:

> Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.  "In light of the clear language and intent of the amended Rule, we agree with the Sixth Circuit that 'a party cannot wait until after summary judgment to move for sanctions under Rule 11.'"  *Barber*, 146 F.3d at 711, citing *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir.1997), *cert. denied*, 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998).

Here, Plaintiff did not abide by the twenty-one day advance service provision.  Plaintiff had the opportunity earlier in the suit to properly notice Defendant Local 948 of its intention to file a Rule 11 sanctions motion but failed to do so.  Having failed to abide by this procedure, Plaintiff NABR is not entitled to obtain an award of sanctions under Rule 11, consisting of attorney's fees, from Defendant Local 948.

## CONCLUSION

For the reasons set forth above, Plaintiff NABR's motion for attorney's fees as sanctions under Rule 11 is DENIED.

IT IS SO ORDERED.

Dated:   May 1, 2008                       /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE